IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Abingdon Division

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:24-cv-00057 |
| | ) | |
| EMORY & HENRY UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT RULE 26(f) PLAN

The parties, come, pursuant to Fed. R. Civ. P. 26(f), having met and conferred, to respectfully submit the Joint Discovery Plan (the "Plan") as set forth below:

**I.    Nature and basis of claims and defenses and the possibilities for promptly settling or resolving the case.**

The parties have discussed the general nature and basis of the claims and defenses.  The parties do not believe a settlement conference or mediation would be fruitful at this time.

**II.    Rule 26(f) Discovery Plan.**

For all ESI discovery permitted under Rule 26, the parties are in disagreement as to the relevant time period (the "Relevant Period") for discovery from the parties. Defendant proposes that the Relevant Period begins on April 1, 2023 and ends on December 31, 2023. Plaintiff proposes that the Parties handle the Relevant Period differently as it pertains to each discovery request in the normal course; that is, for some discovery requests there may be good reason to have a longer or shorter

Relevant Period depending on the nature of the request.

Notwithstanding the foregoing disagreement, Pursuant to Rule 26(f), the parties jointly propose the following agreed discovery plan, to be implemented if the Court does not refer this matter to early mediation:

(A)     Rule 26(a) Initial Disclosures will be provided by Plaintiff within thirty (30) days of the Rule 16 Scheduling Order.

(B)     Plaintiff shall make her Rule 26(a)(2) expert witness disclosures on or before one hundred and twenty (120) days before trial.  Defendant shall make expert witness disclosures thirty (30) days thereafter. Plaintiff shall make any rebuttal expert disclosures within fifteen (15) days thereafter.

(C)     Regarding electronic discovery issues, see Part III, below.

(D)     Regarding issues of assertion or privilege and protection of trial preparation materials, see Part III, below ("Privileged Produced Information").

(E)     The parties do not generally anticipate the need for any other limitations on discovery.

(F)     It appears necessary to the Parties for a Protective Order to be entered. The Parties will confer on an appropriate Protective Order and will jointly propose the Protective Order to the Court; if the Parties cannot agree on the terms of the Protective Order, Defendant shall submit its proposed Protective Order and Plaintiff shall within five (5) days file objections or in the alternative Plaintiff's proposed Protective Order.

(G)     The parties agree to transmit and/or serve discovery requests and

responses by electronic means (e.g., electronic mail and/or electronic file sharing means).

(H)    The parties agree to resolve discovery disputes, including disputes concerning protective orders, if necessary, in the following manner: (1) telephone conference ("meet and confer") between the parties to discuss the discovery issue(s); followed by (2) informal teleconference with the assigned United States Magistrate Judge; followed by (3) filing of a Motion requesting the Court take formal action.

## III.    Discovery of Electronically Stored Information ("ESI").

The parties will comply with the rules governing electronic discovery set forth in the Federal Rules of Civil Procedure, applicable local rules, and decisional law. The parties hereby submit the following summary of the parties' conference and agreement regarding electronic discovery matters:

1.    <u>Preservation:</u>  The parties have issued litigation hold processes that have been implemented and the identification of ESI repositories where potentially responsive ESI may reside.  The parties agree to securely maintain, and not destroy or delete, sources of potentially discoverable information created during the Relevant Period, including, to the extent they exist, (i) email back-up tapes, computer hard drives and servers, and (ii) network back-up tapes (i.e. tapes or other similar media onto which back-up systems store ESI).  To the extent they exist, the parties agree to preserve all such back-up tapes and other ESI created during the Relevant Period.

2.    <u>Search Terms:</u>  Generally, the parties may agree on ESI search terms. The agreed search terms will be applied to the ESI of the Producing Party.  The

Producing Party will then create an ESI data set with the results and that ESI will be produced subject to an agreed ESI Protocol.   The parties agree to produce the ESI in searchable PDF format on a platform capable of reviewing the aforementioned ESI.

3.     "Excessive" ESI Data Set:If one or more of the agreed search terms produce more than 800 "hits," Plaintiff, Defendant, and Defendant's ESI Vendor will have a teleconference within fourteen (14) days of the Producing Party notifying the Searching Party of the one or more proposed search terms produced the "excessive" number of hits.

5.     Privileged Produced Information:   The parties hereby invoke the protections of Federal Rule of Evidence 502 and specifically 502(d) and (e).

6.     Information Not Reasonably Accessible.   With their initial document productions, the parties agree to identify potentially discoverable information that each party asserts is not reasonably accessible pursuant to Fed. R. Civ. P. 26(b)(2)(B) to the extent that such determination can be made.   For all such potentially discoverable information, the parties will indicate whether the data is catalogued or otherwise organized, such that the parties can determine more precisely what type of potentially discoverable information may exist, and whether the potentially discoverable information can be selectively searched.

7.     Unavailable Information.  With their initial document productions, the parties agree to identify, to the extent that they are aware, responsive or potentially responsive data that was at one time available but is no longer available in any form, indicating why the data is no longer available, when it became unavailable, and who

is responsible for ordering its destruction and destroying it.

8.    <u>No Waiver of Objections</u>.    By agreeing to preserve potentially discoverable information in accordance with the terms hereof, the parties do not waive any objection to the discovery or admissibility of such information.

9.    <u>No Subject Matter Waiver.</u>    The Parties hereby acknowledge that certain disclosures made pursuant to Rule 26 and Rule 16, or through other formal or informal pretrial disclosures, may result in the disclosure of documents or information that is otherwise subject to the protections of the attorney/client privilege and work product immunity.    To the extent that such disclosures are made, the parties agree that any arguable waiver of these protections is made in furtherance of the letter and spirit of cooperation embodied in Rule 26 and the applicable decisional law, and that such disclosure only waives the privilege or immunity, if at all, as to the specific information disclosed.    The parties agree that no subject matter waiver of attorney/client privilege or work product immunity is made or implied by such disclosures, including as to non-disclosed aspects of discovery practices, procedures and strategies employed by the parties.

AGREED:

_/s/ Benjamin North_____
Benjamin North (VSB No. 97439)

Lindsay R. McKasson (VSB No. 96074)
Binnall Law Group
717 King Street, Suite 200
Alexandria, Virginia 22314
Telephone:   (703) 888-1943
Facsimile:   (703) 888-1930
Email:  ben@binnall.com
lindsay@binnall.com

*Counsel for Plaintiff Jane Doe*

 /s/ **Mary Elizabeth Davis**_____
Mary Elizabeth Davis (VSB No. 41908)
Caitlin E. Tobin (VSB No. 98432)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
Two James Center
1021 E. Cary Street, Suite 2001
Richmond, Virginia 23219
Telephone:   (804) 799-7864
Facsimile:   (804) 977-3294
E-mail:            bdavis@whitefordlaw.com
E-mail:            ctobin@whitefordlaw.com

*Counsel for Defendant Emory & Henry University*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 17, 2025 the foregoing was sent

to the following attorneys for the Defendant via the Court's electronic CM/ECF system.

Mary Elizabeth Davis (VSB # 41908)
 Caitlin E. Tobin (VSB No. 98432)Whiteford, Taylor & Preston, L.L.P.
Two James Center
1021 E. Cary Street, Suite 2001
Richmond, VA 23219
bdavis@whitefordlawlaw.com
ctobin@whitefordlaw.com
(804) 799-7864
Fax: (804) 977-3294

*Counsel for Defendant*


           */s/Benjamin North*
                Benjamin North