# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## Abingdon Division

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:24-CV-57 |
| ) | |
| EMORY & HENRY ) | |
| UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## **STIPULATED PROTECTIVE ORDER**

With the consent of the parties, the Court finds good cause exists for the entry of Protective Order in this case, and it is hereby ORDERED as follows:

1. During the course of discovery, Defendant may produce documents containing certain policies, trade secrets and other confidential and proprietary information relating to their businesses or operations. Moreover, during the course of discovery, Defendant may also produce documents containing confidential and personal information pertaining to individuals who are not parties to this lawsuit, including without limitation current or former employees, contractors, or students. Plaintiff may also produce sensitive and personal information. The purpose of this Protective Order is to ensure that such documents and information are restricted to persons involved with this litigation.

2. Until further order of the Court or stipulation of the parties, all discovery provided in this action, including answers to interrogatories, responses to requests for production of documents and requests for admissions, documents produced, depositions, and any other information exchanged in discovery in this case, whether provided heretofore or in the future, shall be subject to this Order.

3. The parties agree that the producing party shall be permitted to designate discovery material as "Confidential" only after a determination that the material constitutes confidential or proprietary information or is otherwise confidential under applicable law. Additionally, the non-producing party may designate any document as "Confidential" within twenty-one (21) days of receipt of the document or within 21 days after the Court's entry of this order, whichever is later, only after a determination that the material constitutes confidential or proprietary information or is otherwise confidential under applicable law. The parties and their counsel agree to use their best efforts to designate as "Confidential" only those materials that they in good faith believe constitute or contain private personal information, patient information, a trade secret or other confidential research, development, or commercial information as contemplated by Rule 26(c)(7) of the Federal Rules of Civil Procedure.

4. Any documents or material designated Confidential by the parties pursuant to this Order (hereinafter "Confidential Material") shall be marked on its

face as "Confidential" and/or "Subject to Protective Order" in a manner which will not interfere with its legibility. Any document so marked shall not be distributed, shown, disseminated, discussed, disclosed, corresponded about, or provided to any person except as permitted by this Protective Order.

5. The use of any "Confidential Material" subject to this Protective Order shall be restricted to the following persons:

(a) The parties to this litigation, which shall include employees or agents of the parties who are directly involved in assisting with the defense of this case or otherwise have a need to review Confidential Material for a proper purpose related to this case;

(b) Counsel for the parties to this litigation, including their respective paralegals and clerical employees;

(c) Any stenographic reporter who is engaged by the parties or the Court during the litigation of this case;

(d) Witnesses or prospective witnesses, including but not limited to persons requested by counsel to furnish technical or other expert service, to give testimony or to otherwise prepare for any deposition, hearing, or any other proceeding in this action, provided such witness or prospective witness agrees to be expressly bound by the terms of this Protective Order and not disclose the documents or information therein to any party or person outside this litigation;

3

(e) The Court and its personnel or a jury;

(f) Any person or entity to whom disclosure is required by law; and

(g) Any other person or entity agreed upon in writing by the parties.

6. Any recipient of such Confidential Material or information shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of such Confidential Material or information in order to ensure that the confidential nature of the same is maintained.

7. Any recipient of such Confidential Material or information, by accepting receipt thereof, agrees to submit to the jurisdiction of this Court in any proceeding or hearing relating to such Confidential Material or information and/or this Protective Order, including but not limited to any proceeding relating to the enforcement of this Protective Order.

8. Any expert who is to receive Confidential Material or information, shall be furnished with a copy of this Protective Order, and shall be required to execute an acknowledgement letter of the type attached hereto as <u>Exhibit A</u>, agreeing to abide by its terms before the material is turned over. The original acknowledgment letter executed by each recipient of Confidential Material or information shall be furnished to counsel of record at the conclusion of this case (including any appeals), together with an itemized list or description of the Confidential Material or information disclosed to any such recipient.

9. Any Confidential Material, or summaries or abstracts prepared from such information or documents, which any party intends to offer in evidence at trial, in support of any motion, or at any court hearing in open court may be sealed only as permitted under Local Rule 9. Nothing contained in this Protective Order shall be construed to prejudice any party's right to use any Confidential Material in the taking of depositions or at trial or in any proceeding in this Litigation, including dispositive motions. Material so used shall not lose its confidential status solely through such use, and its confidentiality shall otherwise be protected to the extent possible in conformance with this Protective Order. The parties agree, however, that any documents or information deemed "Confidential" may be filed with the Court in the context of dispositive motions without the permission of the other parties and without the party having to seek to have the document sealed. In the event that a party contends that Confidential Material should be sealed, that party must file an appropriate motion with the Court seeking leave to file the material under seal. Nothing herein limits a party from using the party's own documents in any fashion.

10. All Confidential Material (and any copies thereof) subject to this Order shall be returned to the producing party or destroyed within 30 days of the conclusion of this litigation (including any appeals), except those items compromising any appellate record, trial court record, privileged communications, or attorney work product. Counsel may retain any documents necessary to comply with laws, rules,

and regulations, and to protect themselves from claims under their professional liability policies. For purposes of this paragraph, depositions and exhibits thereto shall be deemed part of the record in this case, and need not be destroyed, regardless of any designations of confidentiality, but to the extent of any designations of confidentiality hereunder, shall continue to be subject to the non-disclosure provisions of this order. The Court shall retain jurisdiction over all recipients of Confidential Material after the conclusion of the litigation for purposes of enforcing the provisions of this Order.

11. Nothing in this Order shall operate as an admission by any party that any particular discovery material is, or is not, admissible as evidence in this action.

12. Nothing in this Order waives the right of any party to challenge the Confidential designation assigned to any item. In the event that a party disagrees with the Confidential designation assigned to any item, that party shall send written notice to the designating party and their counsel, identifying the item(s) in question. In the event that the parties cannot reach an agreement concerning the confidentiality of the item, the party opposing continued confidentiality may file a motion with the Court seeking a determination whether the items are properly subject to this Protective Order. Any such motion must be filed by the discovery deadline. All items designated as Confidential Material shall continue to be treated as Confidential Material by all parties even if a challenge has been raised until such time as the Court

rules that the information or the documents are not Confidential Material and are not covered by this Order.

13.  This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties and their attorneys' successors, executors, personal representatives and administrators, heirs, legal contractors or other persons or organizations over which they have control.

14.  Nothing in this Order shall limit or preclude any party from applying to the Court for relief from this Order, or for additional Protective Orders as may be appropriate.

ENTERED this _____ day of _____, 2025.

_____
U.S. DISTRICT COURT JUDGE

WE ASK FOR THIS:


*/s/ Mary Elizabeth Davis*
Mary Elizabeth Davis (VSB No. 41908)
Caitlin E. Tobin (VSB No. 98432)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
Two James Center
1021 E. Cary Street, Suite 2001
Richmond, Virginia  23219
Telephone:  (804) 799-7864
Facsimile:  (804) 977-3294
Email:       bdavis@whitefordlaw.com
             ctobin@whitefordlaw.com

*Counsel for Defendant*



*/s/ Benjamin F. North*
Benjamin F. North (VSB No. 97439)
Lindsay R. McKasson (VSB No. 96074)
BINNALL LAW GROUP
717 King Street, Suite 200
Alexandria, Virginia 22314
Telephone:  (703) 888-1943
Facsimile:  (703) 888-1930
Email:       ben@binnall.com
             lindsay@binnall.com

*Counsel for Plaintiff*

## **EXHIBIT A**

I, _____, hereby acknowledge that I will receive confidential documents provided to me in connection with *Jane Doe v. Emory & Henry University*, 1:24-CV-57, United States District Court for the Western District of Virginia (Abingdon Division). I certify that I have read a copy of the Protective Order entered in the above-referenced case, and I agree to use the Confidential Material only for purposes of the above-referenced litigation and not for any business or commercial purpose, and I further agree not to disclose the Confidential Material to any other person. I expressly agree to be bound by the Protective Order and to be subject to the personal jurisdiction of the U.S. District Court for the Western District of Virginia for all purposes related hereto.

_____
Date

_____
Name (Print)

_____
Signature

_____
_____
_____
Business Address