Case 1:24-cv-00057-JPJ-PMS   Document 20   Filed 06/12/25   Page 1 of 8
Pageid#: 197

CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED

June 12, 2025

LAURA A. AUSTIN, CLERK
BY: /s/ Robin Bordwine
   DEPUTY CLERK

# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
|     Plaintiff, | ) | Civil Action No. 1:24cv00057 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| EMORY & HENRY UNIVERSITY, | ) | By: Hon. Pamela Meade Sargent |
|     Defendant. | ) | United States Magistrate Judge |
| | ) | |

This matter is before the court on plaintiff's Motion For Leave To Proceed Under Pseudonym and incorporated memoranda filed March 31, 2025. (Docket Item No. 13) ("Motion"). The defendant responded to the Motion, indicating its objection. (Docket Item No. 14) (Defendant's Opposition To Plaintiff's Motion For Leave To Proceed Under Pseudonym, ("Response")).

## I.  Background

In this action, plaintiff sues Emory & Henry University, ("University"), under the Age Discrimination in Employment Act, the Virginia Human Rights Act, and negligence and negligence per se for alleged violations of 34 C.F.R. § 106. (Docket Item No. 1) ("Complaint" at 1.)

As alleged by plaintiff in her Complaint, plaintiff is a 61-year-old woman who was employed as an assistant clinical professor of equine studies at the University. (Complaint at 2.) Plaintiff was 60 years old when she was terminated from her employment. (Complaint at 1.) Plaintiff claims that she began employment at the University in the spring of 2023 as an assistant clinical professor in the equestrian

1

program. (Complaint at 5.) She alleges that she never received any negative performance reviews during her employment at the University. (Complaint at 5.) Plaintiff alleges that, on or around October 27, 2023, an employee at the University submitted a Title IX complaint against her. (Complaint at 6.) Plaintiff alleges that, on October 31, 2023, the University sent her an email seeking an interview related to the "informal complaint of sexual harassment," which she would later learn alleged that a student, John Roe,[1] had received texts and photos from plaintiff that made him uncomfortable. (Complaint at 6.) Plaintiff alleges that, during the interview on November 1, 2023, she was informed by University employees that she was being spoken to regarding an "informal complaint," a term which the plaintiff alleges that the University used to avoid complying with the Title IX requirements governing formal complaints. (Complaint at 7.) Plaintiff alleges that, during the interview, University staff were hostile and combative to her. (Complaint at 8.) Plaintiff alleges that, during the interview, she told University staff that she would be gathering witnesses to support her claim of innocence, and while the interviewing staff encouraged her to do so, they later instructed plaintiff to stop reaching out to potential witnesses. (Complaint at 9.) Plaintiff alleges that she was never given the opportunity to contest the allegations against her, and on November 8, 2023, she was notified that she was terminated from her employment at the University and immediately escorted off campus by University security. (Complaint at 8-10.)

## II. Standard of Review

Generally, a complaint must name all parties to the suit. *See* FED. R. CIV. P. 10(a). The naming requirement demonstrates the presumption of judicial openness and its prioritization in American law. *See Candidate No. 452207 v. CFA Inst.*, 42

---

[1] While the Complaint does not state that "John Roe" is a pseudonym, the Motion implies that this is not the student's name. *See* Motion at 5-6.

F. Supp. 3d 804, 806-07 (E.D. Va. 2012). However, this principle "operates only as a presumption and not as an absolute, unreviewable license to deny." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). In the Fourth Circuit, there is no affirmative requirement that a plaintiff ask for leave before filing a complaint under pseudonym. *See B.R. v. F.C.S.B.*, 17 F.4th 485, 496 (4th Cir. 2021) (declining to adopt *Nat'l Commodity & Barter Ass'n v. Gibbs*, 866 F.2d 1240, 1245 (10th Cir. 1989)). Instead, when a party seeks to litigate under a pseudonym, the court must "ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Doe v. Pub. Citizen*, 749 F.3d 246, 274 (4th Cir. 2014). Even if the opposing party does not object to the requested relief, there remains a "judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted." *James*, 6 F.3d at 238.

The Fourth Circuit has adopted a nonexhaustive five-factor test that considers whether (1) the request for pseudonymity is merely to "avoid … annoyance and criticism" or "is to preserve privacy in a matter of sensitive and highly personal nature;" (2) identification poses "a risk of retaliatory physical or mental harm to the requesting party" or "innocent non-parties;" (3) the age of the party seeking to use a pseudonym; (4) whether the action is against a governmental or private party; and (5) the "risk of unfairness to the opposing party" from permitting anonymity. *James*, 6 F.3d at 238; *see Pub. Citizen*, 749 F.3d at 273-74 (applying five-factor test); *Doe v. Sidar*, 93 F.4th 241, 247-48 (4th Cir. 2024) (applying these "five nonexhaustive factors" and reversing district court's grant of motion to remove pseudonym (citation omitted)); *see also Sidar*, 93 F.4th at 250 (Wilkinson, J., concurring) (agreeing with the court's decision "eschew[ing] a categorical approach to case-sensitive questions

3

which cannot be answered categorically"). I will analyze each of these factors in turn.

### III. Analysis

The first *James* factor directs the court to consider the pseudonymous party's need to preserve privacy. *See* 6 F.3d at 238. "[T]he justification" asserted by the party requesting anonymity must not be "merely to avoid the annoyance and criticism that may attend any litigation" and instead must be "to preserve privacy in a matter of sensitive and highly personal nature." *James,* 6 F.3d at 238. Plaintiff argues that pseudonymous litigation is appropriate in this case because she "was falsely accused of sexual harassment and then terminated in violation of her civil rights and as a pretext to replace her with a younger employee." (Motion at 5.) Plaintiff further argues that the Motion should be granted because, although she "vociferously denies committing any sort of sexual misconduct, this case will necessarily examine at great detail both her conduct and that of her false accuser, including the minute details of the accusation, the possible motives for bringing an allegation of sexual harassment, and the handling of the accusation by University Title IX authorities." (Motion at 5.) I do not find that plaintiff has shown that the allegations raised in her Complaint implicate "a matter of sensitive and highly personal nature." *James*, F.3d at 238. In her Complaint, plaintiff claims that "[w]hile she texted many of her students and sent equestrian related photos, there was never anything remotely sexual about any of [plaintiff's] behavior with her students." (Complaint at 6.) Plaintiff further claims that she never sent "any sexual or inappropriate texts or photos (or anything else sexual whatsoever) to John Roe or any other student." (Complaint at 6.) In a case where the conduct at issue is emphatically held to be benign by the plaintiff, the court cannot find that there is a

4

heightened privacy interest that would permit plaintiff to proceed in this matter pseudonymously. Therefore, I find that this factor weighs against plaintiff's request.

The second *James* factor asks whether denying leave for the requesting party to proceed under a pseudonym would risk exposure to retaliatory physical or mental harm. *See* 6 F.3d at 238. Courts evaluating this factor have placed particular importance on the retaliatory nature of any threatened harm. *See, e.g., Nelson v. Green*, No. 3:06cv70, 2007 WL 984127, at *2 (W.D. Va. Mar. 28, 2007.) Plaintiff argues that because the purpose of her lawsuit is to "rectify the erroneous finding and clear her name," requiring her to proceed under her real name would cause her to "suffer the very harm she seeks to rectify through this litigation." (Motion at 5.) The court does not find plaintiff's arguments compelling. Plaintiff cannot clear a damaged reputation through this lawsuit without first disclosing her name, indicating to the court that she intends to proceed pseudonymously unless she prevails on her claims, at which point she intends to reveal herself. *See, e.g., Doe v. Doe*, 85 F.4th 206, 215 (4th Cir. 2023) (affirming district court's decision not to grant pseudonymity when district court found that it would be "fundamentally unfair" for party seeking pseudonymity to be able to "clear his name" and wield a potential judgment against the defendant "but hide under a shield of anonymity if unsuccessful"). Plaintiff argues that she "will forever be associated with these false allegations and the false finding if she is forced to litigate against that finding in her real name." (Motion at 6.) But this court has held that reputational harm "is not the type of retaliatory harm an anonymous lawsuit is meant to prevent." *Doe v. Liberty Univ.*, 2019 WL 2518148, at *3 (W.D. Va. June 18, 2019). Plaintiff also argues that it would be "harmful to the accusing student to publicize his name," but she does not seek anonymity for John Roe. (Motion at 6.) Therefore, I find that this factor weighs against plaintiff's request.

5

The third *James* factor concerns the ages of the persons whose privacy interests are sought to be protected. *See* F.3d at 238. Plaintiff argues that because her job opportunities already are limited due to her age, and because she has more limited time in which to rehabilitate her name and reputation if the allegations in her lawsuit were to become public, this factor weighs in favor of proceeding pseudonymously. (Motion at 6.) Plaintiff also argues that revealing her name could increase the chances of the identity of John Roe, who is a young adult, being revealed. (Motion at 6.) The court is not convinced by either argument. Plaintiff did not request anonymity for John Roe, but, even if she had, John Roe was a legal adult at the time that the underlying allegations led to plaintiff's termination. *See, e.g., Doe v. Kuhn*, 2023 WL 4687209, at *3 (W.D. Va. July 21, 2023) ("The third factor … weighs against use of a pseudonym. Although Doe was young, all parties were legal adults during the relevant time period"). Plaintiff's assertion that a limited window within which to rehabilitate her professional image is akin to the "special vulnerability" attributed to a child-plaintiff is unsupported by caselaw. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Therefore, I find that this factor weighs against granting the Motion.

The fourth *James* factor concerns whether the action is against a governmental or private party. *See* 6 F.3d at 238. Plaintiff acknowledges that this factor does not weigh in favor of pseudonymity because defendant is a private party. (Motion at 7.) This court has held that "[w]hen a plaintiff challenges the government or government activity, courts are more like[ly] to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing." *Doe v. Alger*, 317 F.R.D. 37, 41 (W.D. Va. 2016) (alteration in original) (quoting *Yacovelli v. Moeser*, No. 1:02cv596, 2004 WL 1144183, *8 (M.D. N.C. May 20, 2004)). As the Fourth Circuit noted in *Doe v. Doe*, "the more private parties (sued in their individual

capacities), the more likely the courts were to find that the factor weighed against the plaintiff." 85 F.4th at 215. Therefore, I find that this factor weighs against plaintiff's request.

The final relevant *James* factor considers the degree to which a party's use of a pseudonym prejudices the other parties to the litigation. *See* 6 F.3d at 238. Plaintiff asserts that there is no risk of unfairness to the University because it is aware of her identity. (Motion at 7.) The University agrees, stating that "allowing [p]laintiff to proceed pseudonymously presents a minimal risk of unfairness to its ability to defend itself." (Response at 6.) This court has held that this factor was "significantly mitigated by named [p]laintiffs' willingness to provide names and other discovery to certain [d]efense counsel … so that they could prepare its defense." *Student A v. Liberty Univ., Inc.,* 602 F. Supp. 3d 901, 920 (W.D. Va. 2022.) Because the University does not allege a risk of unfairness if plaintiff proceeds under pseudonym, I find that this factor weighs in favor of plaintiff's request.

The factors that the court outlined in *James* are non-exhaustive. *See* 6 F.3d at 238. Plaintiff points to caselaw from the First Circuit, which has acknowledged that pseudonymity can be appropriate in a case where a plaintiff being denied pseudonymity could have a chilling effect on similarly situated future litigants. (Motion at 7-8.) Plaintiff argues that "[t]he injury litigated against would be incurred" if she was forced to bring suit in her own name. (Motion at 8.) I find this argument uncompelling in the instant case. Plaintiff does not seek to have the findings of the Title IX investigation reversed or her disciplinary record expunged. In other words, whether plaintiff prevails on her claims or not, the adverse findings against her will, seemingly, remain on her record. This court fails to see how any outcome of this action would prevent similarly situated plaintiffs from filing suit.

7

Lastly, the court notes that "the right of public access, whether arising under the First Amendment or the common law, 'may be abrogated only in unusual circumstances.'" *Pub. Citizen*, 749 F.3d at 266 (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988)). Therefore, "the public's interest in open proceedings must inform a district court's pseudonymity calculus." *Pub. Citizen*, 749 F.3d at 274. Plaintiff's primary argument "appears to be tied to her overarching concern about harm to her professional reputation." *Liberty Univ.*, 2019 WL 2518148, at *3. Plaintiff's "professional reputation is not of such a sensitive or personal nature that it 'override[s] the paramount importance of open courts.'" *Liberty Univ.*, 2019 WL 2518148, at *3 (quoting *Doe v. Pittsylvania Cnty.*, 844 F. Supp. 2d, 727, 744 (W.D. Va. 2012)). I do not find that plaintiff has alleged "privacy or confidentiality concerns" that are "sufficiently critical" to allow this "rare dispensation." *James*, 6 F.3d at 238.

### IV. Conclusion

For the foregoing reasons, plaintiff's Motion will be denied.

An appropriate order will be entered.

**ENTERED**:        June 12, 2025.

                                                  /s/ *Pamela Meade Sargent*
                                                  UNITED STATES MAGISTRATE JUDGE